## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**TABITHA R. C.**[1],

      **Plaintiff,**

**v.**

**COMMISSIONER** of
**SOCIAL SECURITY,**

      **Defendant.**

**Case No. 20-cv-723-SPM**

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

In accordance with 42 U.S.C. § 405(g), Plaintiff seeks judicial review of the final agency decision denying her application for Disability Insurance Benefits (DIB) and Supplemental Income Security (SSI) benefits pursuant to 42 U.S.C. § 423 and 42 U.S.C. §§ 1382 and 1382c, respectively[2].

### PROCEDURAL HISTORY

Plaintiff applied for DIB and SSI on October 2, 2017, alleging a disability onset date of February 3, 2017. (Tr. 241, 243). After holding an evidentiary hearing, an ALJ denied the application on December 3, 2019. (Tr. 11-26). The Appeals Council denied

---

[1] In keeping with the court's practice, plaintiff's full name will not be used in this Memorandum and Order due to privacy concerns. See, Fed. R. Civ. P. 5.2(c) and the Advisory Committee Notes thereto.

[2] The statutes and regulations pertaining to DIB are found at 42 U.S.C. § 423, *et seq.,* and 20 C.F.R. pt. 404. The statutes and regulations pertaining to SSI are found at 42 U.S.C. §§ 1382 and 1382c, *et seq.,* and 20 C.F.R. pt 416. As is relevant to this case, the DIB and SSI statutes and regulations are identical. Furthermore, 20 C.F.R. § 416.925 detailing medical considerations relevant to an SSI claim relies on 20 C.F.R. Pt. 404, Subpt. P, the DIB regulations. Most citations herein are to the DIB regulations out of convenience.

Plaintiff's request for review on June 11, 2020, making the ALJ's decision the final agency decision subject to judicial review. (Tr. 1-4). Plaintiff exhausted administrative remedies and filed a timely complaint with this Court.

## ISSUES RAISED BY PLAINTIFF

Plaintiff raises the following points:

1.    Defendant failed to meet its burden at Step 5 of the sequential evaluation.

2.    The ALJ failed to properly evaluate the effects of a structured setting on residual functional capacity ("RFC").

## APPLICABLE LEGAL STANDARDS

To qualify for DIB or SSI, a claimant must be disabled within the meaning of the applicable statutes. Under the Social Security Act, a person is disabled if he has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a).

To determine whether a claimant is disabled, the ALJ considers the following five questions in order: (1) Is the claimant presently unemployed? (2) Does the claimant have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the claimant unable to perform her former occupation? and (5) Is the claimant unable to perform any other work? 20 C.F.R. § 404.1520.

An affirmative answer at either step 3 or step 5 leads to a finding that the claimant is disabled. A negative answer at any step, other than at step 3, precludes a finding of disability. The claimant bears the burden of proof at steps 1–4. Once the claimant shows an inability to perform past work, the burden then shifts to the Commissioner to show the claimant's ability to engage in other work existing in significant numbers in the national economy. *Zurawski v. Halter*, 245 F.3d 881, 886 (7th Cir. 2001).

It is important to recognize that the scope of judicial review is limited. "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . ." 42 U.S.C. § 405(g). Thus, this Court must determine not whether Plaintiff was, in fact, disabled at the relevant time, but whether the ALJ's findings were supported by substantial evidence and whether any errors of law were made. *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003). The Supreme Court defines substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (internal citations omitted).

In reviewing for "substantial evidence," the entire administrative record is taken into consideration, but this Court does not reweigh evidence, resolve conflicts, decide questions of credibility, or substitute its own judgment for that of the ALJ. *Burmester v. Berryhill*, 920 F.3d 507, 510 (7th Cir. 2019). However, while judicial review is deferential, it is not abject; this Court does not act as a rubber stamp for the Commissioner.   See *Parker v. Astrue*, 597 F.3d 920, 921 (7th Cir. 2010).

Page **3** of **10**

## THE DECISION OF THE ALJ

The ALJ followed the five-step analytical framework described above. She determined that Plaintiff had not worked at the level of substantial gainful activity since the alleged onset date of February 3, 2017. She was insured for DIB through September 30, 2019. Plaintiff was born on October 8, 1971 and was 45 years old on the alleged date of disability, which is defined as a younger individual age 45-49.

The ALJ found that plaintiff had the following severe impairments: bipolar disorder, major depressive disorder, anxiety disorder, personality disorder, post-traumatic stress disorder (PTSD), polysubstance dependence in current remission (methamphetamines, alcohol, and cannabis), chronic obstructive pulmonary disease (COPD), degenerative disc disease and facet arthropathy, and obesity with BMI or 29-39. The ALJ further found that plaintiff did not have an impairment or combination of impairments that meets or medically exceeds the severity of one of the listed impairments.

The ALJ found that Plaintiff had the RFC to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) with some physical limitations in that she can never climb ladders, ropes, or scaffolds or be exposed to unprotected heights or hazardous work environments. She should also avoid concentrated exposure to extreme heat, extreme cold, dust, fumes, chemicals, and other pulmonary irritants.

The ALJ found that Plaintiff was unable to perform any past relevant work and found that she had a limited education and was able to communicate in English. The ALJ also found that there are jobs that exist in significant numbers in the

national economy that the plaintiff can perform, considering her age, education, work experience, and residual functional capacity.

The ALJ found that transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the plaintiff is "not disabled", whether or not she has transferable job skills. The ALJ also found that plaintiff was not under a disability from February 3, 2017 through the date of her decision.

## THE EVIDENTIARY RECORD

The Court has reviewed and considered the entire evidentiary record in formulating this Memorandum and Order. The Court finds that the ALJ's summary of the record in her decision, when compared to the points raised by Plaintiff, is sufficiently comprehensive and, therefore, there is no need to summarize it again here.

## ANALYSIS

### I.    Step 5 of the Sequential Analysis

Plaintiff first argues that the ALJ erred at step five in finding that the claimant was capable of performing work in the national economy. The fifth step in the disability analysis framework focuses only on the types of work that the claimant can perform, not the positions the claimant is precluded from working. *see also Weatherbee* v. Astrue, 649 F.3d 565, 569 (7th Cir.2011).

The ALJ properly performed the sequential analysis, including step 5, where, for the first time, the burden of proof shifted to the Commissioner to establish that

jobs existed in the national economy that plaintiff could perform despite the limitations reflected in her RFC. *See* 20 C.F.R. § 416.920(a) (4)(v). The Commissioner only needs to prove that jobs existed at that time; the commissioner need not guarantee that Plaintiff be employed in one of those jobs.

In determining step 5 of the sequential analysis, the ALJ solicited the opinion of a vocational expert and sought testimony from the VE based upon the following hypothetical:

> "I would ask you to assume a hypothetical individual of the claims age, education, and work history, who is capable of working at the light exertional level. She can never climb ladders, ropes, or scaffolds, be exposed to unprotected heights, or hazardous work environments. Would be limited to remembering and carrying out simple routine tasks, and making simple work-related decisions. Cannot perform production paced tasks with strict hourly goals. May have frequent contact with supervisors, and brief incidental contact with co-workers and the general public. The hypothetical individual would need to avoid concentrated exposure to dust, fumes, chemicals, and other pulmonary irritants. And, the hypothetical individual would be off task 5 percent of the workday. I'm also going to add that the hypothetical individual needs to avoid concentrated exposure to extreme heat and extreme cold." (Tr. 62-63)

In response, the VE testified as to other work in the national economy that meets the hypothetical and stated three occupations, each of which were "light, unskilled, with SVP of two." (Tr. 63).

Although plaintiff argues that a claimant limited to simple, routine tasks did not have the mental capacity to perform occupations defined in the DOT as Reasoning Level 2 and 3, recent case law disproves her contention. See *Surprise v. Saul,* 968 F.3d 658 (7th Cir. 2020). In *Surprise*, the appellate court upheld the ALJ's RFC

formulation limiting the claimant to "perform[ing] routine, repetitive tasks and follow[ing] simple, non-complex instructions," despite the expert's testimony limiting the claimant to "direct, one or two steps or three steps that can be easily followed" because there was "no conflict, obvious or otherwise" – and the claimant had identified none – "between a one- to three-step instruction limitation" and the ALJ's RFC formulation. *Id.* at 662-663. Furthermore, the Seventh Circuit has found that Reasoning Level 3 – one step more demanding than Reasoning Level 2 – could be consistent with "simple" tasks. *Terry v. Astrue,* 580 F.3d 471, 478 (7t Cir. 2009); *Sawyer v. Colvin,* 512 Fed.Appx. 603, 610-611 (7th Cir. 2013).

This Court is not persuaded that defendant failed to meet its burden at Step 5 and declines to find that an apparent conflict exists between the GED reasoning level and the SVP skill level at issue. Plaintiff's counsel could have questioned the VE about the basis for his testimony at the time of the hearing, but did not do so. *Overman v. Astrue,* 546 F.3d 456, 465 (7th Cir. 208). As such, the ALJ did not erroneously rely on the VE's testimony.

## II. The Effects of a Structured Setting on RFC

Plaintiff next argues that the ALJ failed to properly evaluate the effects of a structured setting on her RFC. Specifically, plaintiff contends that Call For Help was more than a transitional living facility, and that the ALJ failed to recognize that Call for Help provided a structured setting.

To the contrary, the record is replete with evidence that the ALJ sufficiently evaluated plaintiff's residency at Call for Help. For example, the ALJ noted in her

decision that "By mid-2019, Call for Help suggested returning to school to become a community support specialist", which she interpreted as suggesting plaintiff had a greater ability to perform work-related tasks than reported (Tr. 22). Because plaintiff was residing at Call for Help, clearly they were in a better position to determine her needs and abilities. Call for Help did not see fit to limit the schooling recommendation or ability to perform work-related tasks to a structured setting or environment.

The ALJ also referenced medical records wherein Call for Help was mentioned (Tr. 542, 963). The ALJ considered plaintiff's mental health treatment and found that there were less than disabling restrictions, and also that her symptoms were not as severe as she claimed them to be. (Tr. 21). The ALJ considered that no treating or examining provider found that plaintiff could not function in a typical work setting. (Tr. 22).

The ALJ considered and evaluated all the evidence, including plaintiff's residence at Call for Help, along with her mental and physical impairments, when making her determination. *See Pepper v. Colvin,* 712 F.3d 351 (7th Cir. 2013). She made assessments about the evidence and applied those to her conclusions. *Id.,* 712 F.3d at 363.

Claimant was represented by attorney Frank Williams at the hearing in October 2019 (Tr. 40). Mr. Williams inquired about her living situation at Call for Help, including outings, chores, and services offered (Tr. 52-54). Mr. Williams was also given the responsibility of supplementing the record with counseling and therapy records from Call for Help within fourteen (14) days (Tr. 64)

Page **8** of **10**

A claimant has the responsibility for identifying or submitting evidence to demonstrate disability. 20 C.F.R. § 404.1512(a).   Further, plaintiff was represented by counsel at the agency level. The ALJ is entitled to assume that a claimant who is represented by counsel is putting forth her strongest case for benefits. *Skinner v. Astrue*, 478 F.3d 836, 842 (7th Cir. 2007).

Plaintiff's arguments are little more than an invitation for this Court to reweigh the evidence. She has not identified any error requiring remand. Even if reasonable minds could differ as to whether Plaintiff was disabled at the relevant time, the ALJ's decision must be affirmed if it is supported by substantial evidence, and the Court cannot substitute its judgment for that of the ALJ in reviewing for substantial evidence.   *Burmester,* 920 F.3d at 510; *Shideler v. Astrue*, 688 F.3d 306, 310 (7th Cir. 2012).

The ALJ weighed the evidence and concluded that the record did not support a determination that Clifton could not work. Ultimately, it was Clifton's burden, not the ALJ's, to prove that she was disabled. *Summers v. Berryhill,* 864 F.3d 523, 527 (7t Cir. 2017).

## CONCLUSION

After careful review of the record as a whole, the Court is convinced that the ALJ committed no errors of law, and that her findings are supported by substantial evidence. Accordingly, the final decision of the Commissioner of Social Security denying Plaintiff's application for disability benefits is **AFFIRMED**.

The Clerk of Court is directed to enter judgment in favor of defendant.

**IT IS SO ORDERED.**

**DATED: <u>September 28, 2021</u>**

<u>/s/ Stephen P. McGlynn</u>
**STEPHEN P. McGLYNN**
**U.S. District Judge**